## Commonwealth *v.* Hatfield Packing Company, Appellant.

Argued January 18, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles H. Stone,* with him *Edward G. Ruyak, Jon F. LaFaver, Clinton R. Weidner,* and *Updegraff, Weidner, Stone & LaFaver,* for appellant.

*Wilbur C. Creveling, Jr.,* Assistant District Attorney, with him *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 19, 1963:

The Hatfield Packing Company, a processer and packer of meat products, was found guilty (before an alderman) of violating Section 7 of the Pennsylvania Commodity Act,[1] which provides: "No person shall distribute or sell or have in his possession with intent to distribute or sell any commodity in package form, unless the net quantity of the contents shall be plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count: Provided, however, That reasonable variations shall be permitted; and tolerances may be established by rules and regulations made by the department [of Internal Affairs]. Before any tolerances are granted, producers and manufacturers of commodities must make written application for a tolerance to the de-

---

[1] Act of July 24, 1913, P. L. 965, as amended, 76 P.S. §247.

partment, and must furnish proof that the use value of the commodity will not be affected by the granting of the tolerance. . . ."

Section 2(2)[2] of the Act directs that "All meat and meat products . . . shall be sold by weight; . . ."

Hatfield had prepared for distribution and sale meat products in cellophane or polyethylene wrappings which were not marked as to the weight of the contents thereof. Appellant's petition for appeal to the Court of Quarter Sessions of Lehigh County was denied. Appeal to this Court followed.

Appellant contends that the purposes of wrapping are to identify the product, to preserve its sanitation, and to assist the storekeeper in merchandising. At the plant, the products are placed in a cardboard box, which box is then weighed and marked. At the retail establishment, the products selected by the merchant are delivered to him and weighed in the aggregate. They are neither weighed separately nor marked individually by the packer's salesman. The court below correctly concluded that the products involved were "commodities" and "packages" within Section 1 of the Act.[3]

Neither the validity nor the constitutionality of the Act is challenged. Appellant's basic justification

---

[2]Added May 18, 1945, P. L. 788, §1, 76 P.S. §242(2).

[3] 76 P.S. §241. "The word 'commodity' . . . shall mean anything, goods, wares, merchandise, compound, mixture or preparation, products of manufacture of any tangible personal property, which may be lawfully kept, sold, or offered for sale."

"The word 'package' . . . shall mean everything containing one or more than one unit of any commodity, tied or bound together, or put up in box, bag, pack, bundle, container, bottle, jar, can or any other form of receptacle or vessel, not considered as an approved measure, except cases, cartons, crates, bundles or bales used for bulk shipping or storage; Provided, That enclosed packages are marked as to weight, measure or numerical count."

for not marking the weight on the wrappers is its assertion that between the time of wrapping and sale to the ultimate consumer, natural shrinkage occurs and reduces the weight of the product. It is further argued that compliance with the statutory language would likely result in conflict between the weight recorded at the plant and the actual weight at the time of sale to the ultimate consumer. Overlooked, however, is the fact that the Legislature, in Section 7, has provided at least one practical method for avoiding such a possible result.

The fundamental weakness in appellant's position is that appellant prefers to utilize its packaging and weight-marking procedure in lieu of that set forth in the Commodity Act.[4] As the lower court properly pointed out: "While it is not difficult to appreciate that these meat products shrink in varying amounts we must observe that the testimony does not indicate that reasonable variations, permissible under Section 7, were applied for. In short, there is a remedy which the appellant could seek under the legislation. . ."

The appeal was correctly denied by the court below, and that order is affirmed.

Mr. Justice COHEN dissents.

---

[4] It should be noted that appellant complies with the Act in its weight-marking of frankfurters and bacon.